NANCY BRADY v. THE STEAMER ARMADA BURNS ET AL.

Jurisdiction—Action for Trespass by Master of a Steamer.
    An action of trepass may be maintained against the master of a
    steamer, for wrongs committed, though no action therefor could be
    maintained against the boat except in the Admirality Courts of the
    United States.

APPEAL FROM UNION CIRCUIT COURT.

September 15, 1868.

OPINION OF THE COURT JUDGE WILLIAMS:

The petition is against the steamer Armada Ann Burns and J.
V. Throop as master, and as to the boat and her owners it is a
proceeding in rem for a massive tort.  Who the owners, or what
their names, are not designated in the caption nor the petition, nor
is there any process against them as individuals.

As to the boat and her owners the case comes clearly within the
principles announced by the Supreme Court of the United States
in the Hines vs. Treno, 4 Wallace, 355, and as decided by this
court in Stuart vs. Hany, 3 Bush.  And belongs exclusively to ad-
miralty jurisdiction, and the demurrer was properly sustained.

But as to Throop the petition sets out a case of trespass clearly
remedial by the common law and therefore is not a mere marine
tort to be remedied by a proceeding in rem in the admiralty courts
of the United States, but is one for which he may be held personally
responsible by suit in any court having common law jurisdiction.

It is true that slavery was not recognized by the common law,
yet slaves being personal property by the positive law of Kentucky
any violation of the owners' legal rights thereto, within her juris-
diction may be redressed by common law remedies as has often
been held in the courts of this and other states.

Wherefore, the judgment sustaining the demurrer as to the
"Armada Ann Burns" is affirmed.  But as to J. V. Throop it is
reversed with directions to over-rule it is to him and for further
proceedings as herein indicated.

*Huston, for appellant.*
*Spalding, McElroy, Bush, for appellee.*